IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KENDRICK WATSON,

    Plaintiff,

v.                                                               Case No. 2:21-cv-02143-JTF-tmp

CITY OF MEMPHIS, OFFICER THERMAN
RICHARDSON, Individually and in his Official
Capacity and OFFICER JOHNATHAN OVERLY,
Individually and in his Official Capacity,

    Defendants.

ANSWER OF DEFENDANTS CITY OF MEMPHIS, OFFICER THERMAN
RICHARDSON, AND OFFICER JOHNATHAN OVERLY

COME NOW Defendants City of Memphis, Tennessee, Officer Therman Richardson, and Officer Johnathan Overly (hereafter collectively referred to as "Defendants") and respond to the Complaint filed in this cause as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted, and therefore should be dismissed.  Specifically, the Complaint was filed on March 9, 2021, more than seven years after November 15, 2013—the date on which Affidavit containing the information which Defendants had allegedly gathered in violation of Plaintiff's constitutional rights was executed. The applicable statutes of limitations for both Plaintiff's § 1983 claims and any cause of action arising pursuant to the Tennessee Governmental Tort Liability Act ("TGTLA") would have expired no later than November 15, 2014.

SECOND DEFENSE

Defendants intend to avail themselves of all defenses available under the Tennessee Governmental Tort Liability Act, specifically but not limited to immunity from civil rights claims.

THIRD DEFENSE

This claim is barred pursuant to the doctrine of *res judicata*. Specifically, Plaintiff previously sued Defendants City of Memphis and Johnathan Overly (identified in the previous case as "Jonathan Overly") in 2016 for the same alleged actions which form the basis of the present lawsuit. (See Case 2:16-cv-02852-STA-egb) That case was dismissed on June 19, 2018 (See *Id.*, ECF No. 14). Although, Defendant Richardson is not a named defendant in the previous suit, he is not alleged to have performed any specific acts in the present case beyond generally acting in concert with the other named Defendants.

FOURTH DEFENSE

To the extent that Plaintiff attempts to make a claim for unconstitutional conviction or imprisonment, he has not satisfied the required elements enumerated in *Heck v. Humphrey*. Specifically, Plaintiff has not alleged that the underlying criminal prosecution was terminated in his favor, that his conviction was set aside, or that his confinement was declared illegal. *Heck*, 512 U.S. 477, 481-82 (1994). Therefore, any claims arising under such a theory should be dismissed.

FIFTH DEFENSE

To the extent that Plaintiff attempts to make a claim for prosecutorial misconduct against Defendants for allegedly withholding relevant and/or exculpatory materials in the criminal prosecution of Plaintiff, his reliance on *Brady v. Maryland* is misplaced. *Brady* holds that withholding of such materials by a ***prosecutor*** is a potential denial of an individual's Fourteenth

Amendment Due Process rights. *Brady v. Maryland*, 373 U.S.83, 86 (1963). Plaintiff does not allege that any of the Defendants prosecuted his case. None of the Defendants prosecutes criminal offenses. Therefore, any claims arising under such a theory should be dismissed. (Emphasis added).

SIXTH DEFENSE

In response to the numbered paragraphs of the Complaint, Defendants respond as follows:

1. The allegations of Paragraph 1 of the Complaint do not allege any facts and do not require a response. To the extent that a response is required, the allegations of Paragraph 1 of the Complaint are denied.

2. The allegations of Paragraph 2 of the Complaint do not allege any facts and do not require a response. To the extent that a response is required, the allegations of Paragraph 2 of the Complaint are denied.

3. The allegations of Paragraph 3 of the Complaint do not allege any facts and do not require a response. To the extent that a response is required, the allegations of Paragraph 3 of the Complaint are denied.

4. Defendants are without sufficient information upon which to admit or deny the allegations of Paragraph 4 of the Complaint, they therefore deny the same and demand strict proof thereof.

5. The allegations of Paragraph 5 of the Complaint are admitted.

6. The allegations of Paragraph 6 of the Complaint are admitted.

7. The allegations of Paragraph 7 of the Complaint are admitted.

8. Defendants are without sufficient information upon which to admit or deny the allegations of Paragraph 8 of the Complaint, they therefore deny the same and demand strict proof thereof.

9. The allegations of Paragraph 9 of the Complaint are admitted.

10. The allegations of Paragraph 10 of the Complaint are denied.

11. The allegations of Paragraph 11 of the Complaint are denied.

12. The allegations of Paragraph 12 of the Complaint are denied.

13. The allegations of Paragraph 13 of the Complaint are denied upon information and belief.

14. The allegations of Paragraph 14 of the Complaint are admitted upon information and belief.

15. To the extent that Paragraph 15 of the Complaint is intended to allege any tortious or otherwise improper act on the part of any Defendant, it is denied. Defendants are without sufficient information upon which to admit or deny the further allegations of Paragraph 15 of the Complaint, they therefore deny the same and demand strict proof thereof.

16. The allegations of Paragraph 16 of the Complaint are admitted.

17. The allegations of Paragraph 17 of the Complaint are denied.

18. The allegations of Paragraph 18 of the Complaint are denied.

19. The allegations of Paragraph 19 of the Complaint are denied.

20. Defendants are without sufficient information upon which to admit or deny the allegations of Paragraph 20 of the Complaint, they therefore deny the same and demand strict proof thereof.

21. Defendants are without sufficient information upon which to admit or deny the allegations of Paragraph 21 of the Complaint, they therefore deny the same and demand strict proof thereof.

22. Defendants admit that in July 2017, Plaintiff pled guilty to aggravated assault, being a felon in possession of a firearm, and conspiring to unlawfully possess a controlled substance with the intent to sell marijuana. Defendants were not involved in the prosecution of any charges against the Plaintiff and therefore deny that they "cause[d]" Plaintiff to plead guilty. To the extent that Paragraph 22 of the Complaint alleges any tortious or otherwise improper actions by the Defendants, it is denied.

23. The allegations of Paragraph 23 of the Complaint are denied.

24. The allegations of Paragraph 24 of the Complaint are denied.

25. The allegations of Paragraph 25 of the Complaint are denied.

26. The allegations of Paragraph 26 of the Complaint are denied.

27. The allegations of Paragraph 27 of the Complaint are denied.

28. To the extent Paragraph 28 of the Complaint allege any tortious or otherwise improper actions by the Defendants, it is denied. Defendants admit that they never provided false, fabricated, or illegally obtained evidence to Plaintiff.

29. Paragraph 29 of the Complaint does not contain any factual allegations and therefore does not require a response. Defendants are unable to discern to what Plaintiff is referring when he uses the term "this information". To the extent that a response is required, Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Defendants are unable to discern to what Plaintiff is referring when he uses the term "the information" or of whom the alleged request was made. Defendants are without sufficient

information upon which to admit or deny the allegations of Paragraph 30 of the Complaint, they therefore deny the same and demand strict proof thereof.

31. Defendants are unable to discern to what Plaintiff is referring when he uses the term "this information". Defendants are without sufficient information upon which to admit or deny the allegations of Paragraph 31 of the Complaint, they therefore deny the same and demand strict proof thereof.

32. Defendants are unable to discern to what Plaintiff is referring when he uses the term "this information". The allegations of Paragraph 32 of the Complaint are denied.

33. Defendants are unable to discern to what Plaintiff is referring when he uses the term "the information". The allegations of Paragraph 33 of the Complaint are denied.

34. The allegations of Paragraph 34 of the Complaint are denied.

35. The allegations of Paragraph 35 of the Complaint are denied.

36. The allegations of Paragraph 36 of the Complaint are denied.

37. The allegations of Paragraph 37 of the Complaint are denied.

38. The allegations of Paragraph 38 of the Complaint are denied.

39. The allegations of Paragraph 39 of the Complaint are denied.

40. Defendants are unable to discern to what Plaintiff is referring when he uses the term "the document that Defendants created". Defendants are without sufficient information upon which to admit or deny the allegations of Paragraph 40 of the Complaint, they therefore deny the same and demand strict proof thereof.

41. Defendants are unable to discern to what Plaintiff is referring when he uses the term "this information". The allegations of Paragraph 41 of the Complaint are denied.

42. Defendants are unable to discern to what Plaintiff is referring when he uses the term "this information". The allegations of Paragraph 42 of the Complaint are denied.

43. The allegations of Paragraph 43 of the Complaint are denied.

44. The allegations of Paragraph 44 of the Complaint are denied.

45. The allegations of Paragraph 45 of the Complaint are denied.

46. The allegations of Paragraph 46 of the Complaint are denied.

47. Defendants are unable to discern to what Plaintiff is referring when he uses the term "this information". The allegations of Paragraph 47 of the Complaint are denied.

48. The allegations of Paragraph 48 of the Complaint are denied.

49. The allegations of Paragraph 49 of the Complaint are denied.

50. The allegations of Paragraph 50 of the Complaint are denied.

51. The allegations of Paragraph 51 of the Complaint are denied.

52. The allegations of Paragraph 52 of the Complaint are denied.

53. Plaintiffs admit that municipalities and governmental entities are generally immune from suit.

54. The allegations of Paragraph 54 of the Complaint are denied. Specifically, the code sections relied upon by Plaintiff in Paragraph 54 [Tenn. Code Ann. § 29-20-205 (1) and (2)] specifically maintain governmental immunity when an injury is caused by the exercise or performance of a discretionary function or by a violation of civil rights, among other categories.

55. The allegations of Paragraph 55 of the Complaint are denied.

56. The allegations of Paragraph 56 of the Complaint are denied.

57. The allegations of Paragraph 57 of the Complaint are denied.

58. Defendants are without sufficient information upon which to admit or deny the allegations of Paragraph 58 of the Complaint, they therefore deny the same and demand strict proof thereof.

59. The allegations of Paragraph 59 of the Complaint are denied.

60. The allegations of Paragraph 60 of the Complaint are denied.

61. The allegations of Paragraph 61 of the Complaint are denied.

62. The allegations of Paragraph 62 of the Complaint are denied.

63. Paragraph 63 of the Complaint does not make any factual allegations against the City and therefore does not require a response.

64. Paragraph 64 of the Complaint does not make any factual allegations against the City and therefore does not require a response.

65. Paragraph 65 of the Complaint does not make any factual allegations against the City and therefore does not require a response.

66. Any allegations contained in the Complaint to which Defendants have not specifically responded are now generally denied as though specifically pled, and strict proof thereof is demanded.

## SEVENTH DEFENSE

67. The City avers that is has no unconstitutional policies and procedures relating to the failure to institute proper policies and procedures and the failure to properly train and supervise its police officers.

## EIGHTH DEFENSE

68. The City avers that is has no custom, policy or practice in place which authorizes any unlawful acts on the part of its police officers and any such acts, if true, as averred in the Complaint.

## NINTH DEFENSE

69. The City avers that there has been no constitutional violation of Plaintiff's rights at the hands of its police officers; consequently, it has no liability as alleged in the Complaint.

## TENTH DEFENSE

70. For an affirmative defense, the Defendant City avers that it would not be responsible for any damages as averred in the Complaint which were directly and proximately caused or contributed to by the acts of the Plaintiff or any other persons known or unknown.

## ELEVENTH DEFENSE

71. The City avers that the Complaint fails to state a cause of action under the provisions of the Tennessee Governmental Tort Liability Act (TGTLA) pursuant to Tenn. Code. Ann. §29-20-101 et seq. Further, the Defendant City pleads governmental immunity as to the allegations and cause(s) of action contained in the Complaint. Furthermore, the Defendant City avers that plaintiff's claims do not arise out of any act or omission that would remove immunity under the TGTLA. The Defendant City asserts all defenses, immunities and limitations afforded it by the TGTLA.

## TWELFTH DEFENSE

72. The Defendant City retains immunity pursuant to the Public Duty Doctrine.

WHEREFORE, PREMISES CONSIDERED, Defendants request that:

1. This Court dismiss Plaintiff's complaint with prejudice, based upon its responses to same as well as each and all the aforesaid Affirmative Defenses.

2. This Court deny Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever.

73. This Court award the Defendants costs and attorneys' fees pursuant to 42 U.S.C. § 1988, as this Court may deem appropriate.

Respectfully submitted,

Jennifer Sink
Chief Legal Officer/City Attorney

/s/Joseph M. Fletcher
Joseph M. Fletcher, BPR #31660
Assistant City Attorney
Barbaralette G. Davis, BPR #11500
Senior Assistant City Attorney
170 North Main Street, Fifth Floor
Memphis Tennessee 38103
(901) 636-4534 Office
(901) 636-6524 Fax
josephm.fletcher@memphistn.gov

**CERTIFICATE OF SERVICE**

I, Joseph M. Fletcher, hereby certify that on March 31, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon each party registered on the CM/ECF system in this action.

I further certify that there are no non-CM/ECF participants who would require service by mail in this case.

/s/ Joseph M. Fletcher
Joseph M. Fletcher